UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN F. LEONARDO,<br>        Plaintiff,<br>     v.<br>DEPUTY KAIWAI, et al.,<br>        Defendants. | Case No. 19-cv-00685-DMR (PR)<br>**ORDER OF SERVICE** |

## I. INTRODUCTION

Plaintiff, who is currently in custody at the San Francisco County Jail #5 in San Bruno, California, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the use of excessive force against him during an incident in September 2018.

Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge. Dkts. 3, 5.

Plaintiff's motions for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkts. 2, 6.

Venue is proper because the events giving rise to the claims are alleged to have occurred in San Francisco County, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff lists the following officers from the San Francisco County Sheriff's Department: Deputy Kaiwai; Lt. DeGuzman; and unnamed Sheriff's Deputies. Dkt. 1 at 2-3. Under the "Relief" section, he states as follows:

> I want the court to order an investigation on the assault that took

> place in Sept. and I want every deputy involved to be charged accordingly. DeGuzman should not be a [lieutenant]. Kaiwai should be held responsible for my permanent injury.

*Id.* at 3. It is unclear whether he seeks monetary damages for the aforementioned "permanent injury." *See id.*

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Excessive Force

Plaintiff alleges that "[i]n September of 2018, unnecessary and excessive force was used on [him] . . . for no legitimate reason, by the San Francisco Sheriff[']s Department, as directed and encouraged by [Defendant] DeGuzman." Dkt. 1 at 3. Plaintiff claims that Defendant Kaiwai "inflicted permanent damage to [his] right elbow." *Id.* Plaintiff also claims that he was "tortured for 15 minutes by Sheriff[']s Deputies while handcuffed behind [his] back." *Id.* Plaintiff alleges that "[his] right arm was swollen and bruised as was [his] left eye" and that he suffered from lacerations on his wrists "from overtightened metal handcuffs." *Id.* Liberally construed, Plaintiff's allegations state a cognizable excessive force claim against Defendants Kaiwai and DeGuzman as well as the aforementioned unnamed Sheriff's Deputies.[1]

---

[1] Plaintiff contends he filed a grievance on the aforementioned claim of excessive force, but

2

However, regarding the unnamed Sheriff's Deputies, Plaintiff describes these Doe Defendants as those officers who were "directed and encouraged" by Defendant DeGuzman to use excessive force against Plaintiff, and who "tortured" Plaintiff for fifteen minutes while he was handcuffed, but Plaintiff does not know these Doe Defendants' names. *Id.* Although the use of Doe Defendants to identify defendants is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Plaintiff must provide to the court the names of these Sheriff's Deputies (involved in the September 2018 incident of alleged use of excessive force) as directed below.

## III. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint states a cognizable claim of excessive force against Defendants Kaiwai and DeGuzman as well as the unnamed Sheriff's Deputies involved in the September 2018 incident of alleged use of excessive force. Plaintiff must provide to the court the names of these Sheriff's Deputies by the date scheduled in this Order for any served Defendant to file a dispositive motion. **Failure to do so will result in dismissal of any claims against these unnamed Sheriff's Deputies without prejudice to Plaintiff filing a new action against them.**

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of

---

"[t]here was never a response to [his] grievance issue." Dkt. 1 at 2. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his grievance was not answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

3

this Order to: **Deputy Kaiwai and Lt. DeGuzman at the San Francisco County Sheriff's Department**. The Clerk shall also mail a copy of the complaint and a copy of this Order to the San Francisco County Counsel's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later. **Defendants shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

    4. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

6

1 motions for summary judgment. *Woods*, 684 F.3d at 935.)

2       d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: July 5, 2019

_____
DONNA M. RYU
United States Magistrate Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| NOLAN F. LEONARDO,<br><br>    Plaintiff,<br><br>v.<br><br>KAIWAI, et al.,<br><br>    Defendants. | Case No. 4:19-cv-00685-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 5, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nolan F. Leonardo ID: S687016
1 Moreland Drive
San Bruno, CA 94066

Dated: July 5, 2019

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Ivy Lerma Garcia, Deputy Clerk to the
                                        Honorable DONNA M. RYU